UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES GREENWOOD,<br><br>On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS TECHNOLOGIES LTD. f/k/a EXPRESS VPN INTERNATIONAL LTD.,<br><br>Defendant. | Case No.: 1:25-cv-08121<br><br>**JOINT INITIAL STATUS REPORT**<br><br>Telephonic Status Hearing:<br>Date: October 21, 2025<br>Time: 9:30 AM<br>Hon. Jorge L. Alonso |

I.      NATURE OF THE CASE

    A.      **Basis for Federal Jurisdiction**

Plaintiff's Statement: The Court has subject matter jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"), because the aggregate claims of the Class exceed the sum or value of $5,000,000, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendants.

Defendant's Statement: Defendant is currently assessing whether this dispute is subject to CAFA jurisdiction. In any event, however, as Defendant will demonstrate in its forthcoming motion to dismiss the First Amended Complaint ("FAC"), the other required bases of subject matter jurisdiction are not satisfied in this matter. Specifically, Plaintiff has not alleged a cognizable injury in fact and therefore does not have standing to bring his claims, without which the Court lacks subject matter jurisdiction. Additionally, because Plaintiff has an adequate remedy at law under the Illinois Consumer Fraud and Deceptive Business Practices Act, the Court also

lacks equitable jurisdiction over Plaintiff's various equitable claims, including for injunctive relief, restitution, unjust enrichment, and moneys had and received.

**B.    Brief Description of the Nature of the Claims Asserted in the Complaint and the Counterclaims and/or Third-Party Claims**

Plaintiff's Statement: Plaintiff asserts claims for violation of the Illinois Automatic Contract Renewal Act (815 ILCS 601/1 *et seq*.) ("ARL") and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq*.) ("ICFA"), in addition to common law claims for conversion, unjust enrichment, and money had and received.

Defendant's Statement: Defendant disputes all of Plaintiff's claims and does not assert any counterclaims.

**C.    Description of the Relief Sought**

Plaintiff's Statement: Plaintiff seeks: damages on behalf of himself and the proposed class of Illinois customers who were automatically enrolled into and charged for at least one month of and ExpressVPN subscription during the applicable statute of limitations period; other actual damages that may be recoverable by law; punitive damages; prejudgment interest, as allowed by law; reasonable attorney's fees, costs and disbursements, including costs of investigation; injunctive relief; and other equitable relief as determined by the court, including restitution or disgorgement of profits.

Defendant's Statement:  In its forthcoming motion to dismiss the FAC and, in the alternative, to compel arbitration, Defendant will respectfully request that the Court dismiss the entirety of the FAC as well as all other relief that it deems just and proper.

**D.    Statement of the Jury Demand**

Plaintiff has demanded trial by jury. *See* FAC, ECF No. 18.

  E. **List of the Names of Any Parties Who Have Not Yet Been Served**

Defendant has waived service. No issues exist regarding personal jurisdiction or service of Plaintiff's complaint.

**II. DISCOVERY AND PENDING MOTIONS**

  A. **Identification of Pending Motions**

Plaintiff has not filed any motion.

Defendant will file a motion to dismiss the FAC and, in the alternative, to compel arbitration by November 3, 2025, consistent with the Court's September 30, 2025, order. ECF No. 17.

  B. **Proposal for Discovery and Case Management Plan**

    1. **Type of Discovery Needed**

Discovery in this case will include *inter alia* discovery specific to Plaintiff (e.g., account-level data, including enrollment and billing data), class discovery (e.g., class-wide account-level data), and discovery into Defendants' automatic renewal practices (e.g., web design documents, internal communications, internal analyses of automatic renewal practices, and customer complaints).

The Parties agree to follow the Federal Rules of Civil Procedure for conducting discovery.

On September 29, 2025, the parties filed a Stipulation for Plaintiff to File a FAC and Setting Briefing Schedule in which they agreed "that, pursuant to [FRCP] 15(a)(2), Plaintiff will file a [FAC] on consent of the parties" and "the parties agree that Plaintiff's filing of this FAC shall not constitute his amendment as a matter of course under [FRCP] 15(a)(1), which Plaintiff reserves." ECF No. 16. However, upon further discussion and review of the mechanics of FRCP 15, the parties hereby clarify that Plaintiff's October 3, 2025, FAC was filed under FRCP 15(a)(1) as a

matter of course and that Defendant agrees to consent to one further amendment by Plaintiff on consent under FRCP 15(a)(2), if such additional amendment is needed.

The Parties propose the following schedule for the deadlines in this matter:

- Initial Disclosures: **October 27, 2025**

- Joinder of Parties and Amendment of Pleadings: **February 13, 2026**

- Non-Expert Discovery Cutoff: **August 14, 2026**

- Opening Expert Reports: **September 11, 2026**

- Rebuttal Expert Reports: **October 16, 2026**

- Expert Discovery Cutoff: **December 18, 2026**

- Motion for Class Certification: **February 5, 2027**

- Opposition to Motion for Class Certification: **April 2, 2027**

- Reply in Support of Class Certification: **May 14, 2027**

- Motions for Summary Judgment: **July 9, 2027**

- Oppositions to Motions for Summary Judgment: **August 6, 2027**

- Replies in Support of Motions for Summary Judgment: **September 3, 2027**

2. **Need for Any Proposed Protective Orders**

The parties intend to submit a stipulated confidentiality protective order and ESI protocol for the Court's approval by December 5, 2025.

Defendant also specifically reserves the right to file a motion for a stay of discovery and/or a motion for the bifurcation of discovery, particularly in the event that Plaintiff were to propound unreasonable or unduly burdensome discovery requests.

    3.    **Date for Rule 26(a)(1) Disclosures**

The parties have agreed to make their Initial Disclosures under FRCP 26(a)(1) by Monday, October 27, 2025.

    4.    **Date for Completion of Fact Discovery**

The requested deadline for completion of fact discovery is August 14, 2026.

    5.    **Whether There Will Be Expert Discovery**

Yes, the parties anticipate expert discovery. The requested deadline for completion of expert discovery is December 18, 2026.

**III.    SETTLEMENT AND REFERRALS**

    A.    **Statement of whether any settlement discussions have occurred and description of the status of any settlement discussions**

No settlement discussions have occurred. However, the parties are open to engaging a private mediator to facilitate class-wide settlement discussions.

    B.    **Statement of whether the parties request a settlement conference at this time before this Court or the Magistrate Judge**

At this time, the parties do not request a settlement conference before the Court or the Magistrate Judge.

**C.      Statement of whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to the Magistrate Judge's jurisdiction**

Counsel for the parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. The parties do not unanimously consent to the Magistrate Judge's jurisdiction.

By: /s/ *Nicolas G. Keller*
Nicolas G. Keller (N.Y. Bar No. 5549522)*
nicolaskeller@quinnemanuel.com
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849 7000
Fax: (212) 849 7100
(*Admitted *Pro Hac Vice*)

Stephen A. Broome (Cal. Bar No. 314605)*
stephenbroome@quinnemanuel.com
John W. Baumann (Cal. Bar No. 288881)*
jackbaumann@quinnemanuel.com
Laurenne M. Babayan (Cal. Bar No. 348075)*
laurennebabayan@quinnemanuel.com
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor Los Angeles,
California 90017
Tel: (213) 443 3000
Fax: (213) 443 3100
(*Admitted *Pro Hac Vice*)

*Attorneys for Defendant*

/s/ Daniel J. Kieselstein
Daniel J. Kieselstein
WITTELS MCINTURFF PALIKOVIC
305 Broadway, 7th Floor
New York, New York 1007
Tel: (914) 775-8862
djk@wittelslaw.com

*Attorneys for Plaintiff and Proposed Class*