UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES GREENWOOD,**<br><br>On Behalf of Himself and All Others Similarly Situated,<br><br>   Plaintiff,<br><br>  vs.<br><br>**EXPRESS TECHNOLOGIES LTD. f/k/a EXPRESS VPN INTERNATIONAL LTD.**,<br><br>   Defendant. | Case No. 1:25-cv-08121<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS RULE 12 MOTION TO DISMISS THE FAC AND, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**<br><br>Hon. Jorge L. Alonso |

  Defendant Express Technologies Ltd. ("ExpressVPN") respectfully requests the Court take judicial notice of certain of ExpressVPN's webpages, described further below, pursuant to Federal Rule of Evidence ("FRE") 201.

  FRE 201 allows the Court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known from within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id*. 201(c)(2).

  It should be noted that these same materials are also available for consideration by the Court—even at the motion to dismiss stage—for two additional, independent reasons, which do not require any motion or request by ExpressVPN or the granting of any specific relief by the Court. *First*, because these same webpages are also either referenced in or central to plaintiff's allegations in his FAC, they are incorporated into the FAC by reference and the Court can consider them in evaluating the FAC. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("[T]he incorporation-by-reference doctrine provides that if a plaintiff mentions a

document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment."); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim.").

*Second*, the Court may consider these materials with respect to ExpressVPN's motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(2) for lack of personal jurisdiction, as "the Court may consider extrinsic evidence in deciding" such a motion. *See Schoeps v. Sompo Holdings, Inc.*, 736 F. Supp. 3d 582, 591 (N.D. Ill. 2024).

Nevertheless, ExpressVPN respectfully submits this Request for Judicial Notice out of an abundance of caution to ensure that the Court will have these materials available to it. *See Olson v. Bemis Co.*, 800 F.3d 296, 305 (7th Cir. 2015) ("[A] court ruling on a motion to dismiss can rely on 'the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'").

**List of Materials for which ExpressVPN Requests the Court Take Judicial Notice**

1. <u>November 3, 2025, ExpressVPN webpage titled "Best VPN for Illinois"</u>: Plaintiff alleges "ExpressVPN's website has a page specifically targeting Illinois consumers, titled 'Best VPN for Illinois.'" FAC ¶ 17; *see id.* ¶ 18 & n.4 (explicitly linking to this webpage). Given plaintiff first made this allegation on October 3, 2025, it would appear that plaintiff is referring to the webpage in effect on or about that date. Although an archived version of this page is not available via the Internet Archive's Wayback Machine, the version that is current as of the date of this filing is available at the following URL and is attached as Exhibit #1 to this request: www.expressvpn.com/vpn-server/us-vpn/illinois-vpn.

2. <u>November 3, 2025, ExpressVPN webpage titled "Best Chicago VPN servers"</u>: Plaintiff alleges "ExpressVPN's website also has a page claiming the Company has the 'Best Chicago VPN servers.'" FAC ¶ 19 & n.7 (explicitly linking to this webpage). Given plaintiff first made this allegation on October 3, 2025, it would appear that plaintiff is referring to the webpage in effect on or about that date. Although an archived version of this page is not available via the Internet Archive's Wayback Machine, the version that is current as of the date of this filing is available at the following URL and is attached as Exhibit #2 to this request: www.expressvpn.com/vpn-server/us-vpn/chicago-vpn.

3. <u>June 13, 2025, ExpressVPN webpage titled "Terms of Service" ("TOS"), accessed via the Internet Archive's Wayback Machine</u>: Plaintiff alleges "ExpressVPN devotes an entire section of its Terms of Service to dealing with chargebacks by consumers." FAC ¶ 13. Given plaintiff first made this allegation on July 16, 2025, it would appear that plaintiff is referring to the TOS in effect on or about that date. Although the Internet Archive's Wayback Machine does not have available a capture of the TOS that existed on ExpressVPN's website on exactly July 16, 2025, the closest-in-time capture of the TOS is from June 13, 2025. These June 13, 2025, TOS are available at the following URL and are attached as Exhibit #3 to this request: https://web.archive.org/web/20250613193209/express-vpn.com/tos.

The Court can take judicial notice of Exhibits #1-3. They are publicly-accessible websites and are therefore "generally known" and "can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." FRE 201; *see Martin v. Living Essentials, LLC*, 160 F. Supp. 3d 1042, 1047 n.5 (N.D. Ill. 2016) ("The Court may take judicial notice of the contents of a website."). Alternatively, the Court may independently consider Exhibits #1-3 as

3

they are all incorporated by reference into the FAC and, as to Exhibits #1-2, constitute extrinsic evidence relevant to personal jurisdiction over ExpressVPN.

DATED: November 3, 2025

By */s/ Stephen A. Broome*
Stephen A. Broome (Cal. Bar No. 314605)*
stephenbroome@quinnemanuel.com
John W. Baumann (Cal. Bar No. 288881)*
jackbaumann@quinnemanuel.com
Rex N. Alley (Cal. Bar Bo. 346525)*
rexalley@quinnemanuel.com
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
*(\*Admitted Pro Hac Vice)*

*Attorneys for Defendant*

Nicolas G. Keller (N.Y. Bar No. 5549522)*
nicolaskeller@quinnemanuel.com
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849 7000
Fax: (212) 849 7100
*(\*Admitted Pro Hac Vice)*

*Attorneys for Defendant*